NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HECTOR TAVAREZ, | : | The Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 09-6119 |
| v. | : | **Opinion** |
| | : | |
| THE TOWNSHIP OF EGG HARBOR, JAMES MCCULLOUGH, STANLEY GLASSEY, PAUL HODSON, JOHN W. RISLEY, JR., and JOHN CARMAN, JR. | : | |
| Defendants. | : | |

**RODRIGUEZ, J.**

Presently before the Court are Defendants' motion to dismiss and Plaintiff's cross-motion to amend his Complaint. The Court has considered the written submissions of the parties. For the reasons set forth below Defendants' motion to dismiss [Doc. Entry No. 17] is granted and Plaintiff's motion to amend [Doc. Entry No. 23] is granted in part and denied in part.

**I.    BACKGROUND**

Hector Tavarez ("Tavarez" or "Plaintiff"), a Hispanic-American, alleges that the defendants, the Township of Egg Harbor, James McCullough, Stanley, Glassey, Paul Hodson, John Risley, Jr., and John Carman, Jr. (collectively "Defendants"),

1

discriminated against him on the basis of his race in violation of federal and state law.[1] For the purpose of deciding this motion to dismiss, the facts alleged by the plaintiff in his Complaint are accepted as true. Tavarez began working for the Egg Harbor Township Police Department as a police officer in 1986 (Compl. at ¶ 14), and alleges that he was unlawfully denied a promotion to captain on three different occasions. In 2006, Tavarez interviewed for the captain position with three other eligible candidates, and Chief Catania recommended Plaintiff for one of the three vacant captain positions. (Compl. at ¶¶ 15-17.) Plaintiff was the only recommended applicant not promoted in 2007, and was told that the decision was based on seniority rather than merit. (Compl. at ¶ 18.) Captain Catania informed Tavarez that he would be selected as the next captain when another vacancy arose. (Compl. at ¶ 20.)

In 2008 Captain Szapor resigned, which created a vacancy for the position of Police Captain. (Compl. at ¶ 21.) Tavarez interviewed for the position, and Chief Catania recommended Plaintiff for the position. (Compl. at ¶¶ 22, 23.) Plaintiff was not selected, and instead, the position was awarded to Lieutenant Fisher. (Compl. at ¶ 24.)

In 2009, Tavarez was the most senior lieutenant in the Egg Harbor Township Police Department. (Compl. at ¶25.) However, when Captain Kammer retired in 2008, creating another vacancy, Plaintiff was not promoted to captain. (Compl. at ¶¶ 26, 30.) Instead Lieutenant Fair was promoted, despite having less seniority in rank than Tavarez. (Compl. at ¶ 30.)

On December 3, 2009, Plaintiff filed the instant employment discrimination suit

---

[1] All of the individually named defendants are members of the Egg Harbor Township Committee. (Compl. at ¶¶ 3-7.)

alleging the following claims: (I) Discrimination on the basis of race in violation of 42 U.S.C. § 1981 (Compl. at ¶¶ 31-36); (II) Race Discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 (Compl. at ¶¶ 37-38); and (III) Violations of the New Jersey Constitution, N.J.S.A. § 10:6-2 (Compl. at ¶¶ 39-42.).  In response, Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) arguing that Plaintiff fails to state a claim for which relief can be granted.  Tavarez opposes Defendants' motion to dismiss, and filed a cross-motion to amend his Complaint. [Doc. Entry No. 23.] The Court addresses both motions below.

II.     STANDARD OF REVIEW

    A.     **Motion for Judgment on the Pleadings**

When considering a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), a court uses the same standards as when considering a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).  Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986).  A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim.  Fed. R. Civ. P. 12(b)(6); see In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  Although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted).  Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)."  Id. (internal citations omitted).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). A district court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). These allegations and inferences must be viewed in the light most favorable to the plaintiff. Id. However, the Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")).

It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

### B.     The Right to Amend

Pursuant to Fed.R.Civ.P. 15(a)(2) a party may amend its pleading with the court's

leave and the court should freely give leave when justice so requires. The Supreme Court enunciated the following general standard in its opinion in <u>Foman v. Davis</u>, 371 U.S. 178 (1962), to be employed by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason —such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

<u>Id.</u> at 182. The decision to grant leave to amend rests within the discretion of the court. <u>Foman</u>, 371 U.S. at 182.

### III.  ANALYSIS

Defendants attack plaintiff's Complaint on the following three grounds.

### A.  Whether Plaintiff may Amend to Assert a Section 1983 Claim

First, Defendants argue that Plaintiff's 42 U.S.C. § 1981 claim (Count I) should be dismissed because Plaintiff sets forth his claim for racial discrimination under the incorrect federal statute. Defendants correctly assert that while Section 1981 creates rights, Section 1983 provides the remedy to enforce those rights against State actors. Plaintiff recognizes that the proper way to assert a federal claim for racial discrimination is to bring a claim pursuant to 42 U.S.C. § 1983. Accordingly he requests leave to amend Count I of his Complaint to properly assert his claim under Section 1983. As there is no evidence of undue delay, bad faith, or improper motive on the part of the movant, nor would there by undue prejudice to Defendants, the Court will permit amendment of Count I, and accordingly denies the defendants' motion for judgment on

the pleadings as to Count I.

### B. Whether Plaintiff's Claim stemming from Defendants' failure to promote him to the Position of Captain in 2007 is Barred by the Statute of Limitations

Second, Defendants set forth a statute of limitation defense, which they argue bars Plaintiff's State law claim as to the first allegedly unlawful failure to promote in 2006. The statute of limitations for New Jersey Law Against Discrimination ("NJLAD") claims is two years. Montells v. Haynes, 133 N.J. 282, 627 A.2d 654, 660 (1993) (establishing a two-year statute of limitations for all NJLAD claims). Defendants argue that the plaintiff's Complaint sets forth three separate actionable failure to promote claims. Each discrete act must therefore be raised within the applicable limitations period. The events surrounding the first failure to promote claim occurred in late 2006, and the promotions of the other officers to the Captain positions actually occurred in January 2007. (Compl. at ¶ 18.)

For a failure to promote claim, the statute of limitations starts to run from the time the plaintiff becomes aware that he was not selected for the promotion. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1985 (3d Cir. 1994); Tummala v. Merck & Co., Inc., No. 93-3812, 1995 WL 669220, at *5 (D.N.J. Nov. 9, 1995). Here, Defendants argue, because Tavarez learned that he was not promoted in January 2007, he had until January 2009 to file a discrimination claim under the NJLAD regarding that incident. Tavarez did not file his Complaint until December 2009; therefore, Defendants assert that Plaintiff's claim for failure to promote in 2007 must be dismissed.

Plaintiff argues that the Court should view the three decisions not to promote Tavarez to Captain not as discrete acts that are individually actionable, but should consider them in the aggregate. In support of his argument for the "aggregation theory" the plaintiff directs the Court to O'Connor v. City of Newark, 440 F.3d 125 (3d Cir. 2006). However, Plaintiff's precise argument was rejected by the Third Circuit Court of Appeals in O'Connor. In that decision, the O'Connor court explained the bright-line distinction established by the Supreme Court between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim. Id. at 127 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). The O'Connor Court stated:

> Morgan provides fairly precise guidance as to what sorts of acts are "discrete." . . . We can thus take from Morgan the following non-exhaustive list of discrete acts for which the limitations period runs from the act: termination, *failure to promote*, . . . Applying the Morgan distinction to O'Connor's allegations listed above, . . . it is apparent that nearly all of them fall into the category of discrete acts. Accordingly, under Morgan, they cannot be aggregated under a continuing violations theory.

Id. (emphasis added).

Accordingly, Tavarez's allegations that Defendants unlawfully failed to promote him to the position of captain likewise fall into the category of discrete acts and under Morgan, they cannot be aggregated under a continuing violations theory. Plaintiff's NJLAD claim stemming from the failure to promote in 2007 is time barred. Defendants' motion for judgment on the pleadings as to that claim is granted, and because amendment would be futile,[2] plaintiff's motion to amend is denied as to that claim.

---

[2] In determining the futility of an amendment, the court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." MedPointe Healthcare,

### C.   Whether Plaintiff Set Forth a Plausible Claim

Third, Defendants argue that the Complaint should be dismissed because Plaintiff's Complaint contains no factual allegations to support a claim that any conduct complained of was related to Plaintiff's protected status as a Hispanic-male.  Because the allegations invite the Court to speculate, Defendants contend that the Complaint does not meet the pleading standard established by the Supreme Court in Twombly and Iqbal.

The Court begins by separating the factual and legal elements of the allegations set forth in the Complaint.  Because legal conclusions are not entitled to a presumption of truthfulness, the next step is to "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S.Ct. at 1950).

Although it is conceivable that Tavarez was passed over for promotions in 2008 and 2009 because of his race, Plaintiff fails to offer the necessary facts to support the plausibility of this claim. See Iqbal, 127 S.Ct at 1952 (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, 550 U.S. at 556.  Tavarez fails to offer evidence necessary to satisfy the element of causation. For example, the Complaint does not identify the race or ethnicity of the police officers who were promoted to captain ahead of Tavarez.  The Complaint only states a legal conclusion that the failure to promote Tavarez was

---

Inc. v. Hi-Tech Pharmacal Co., Inc., 380 F.Supp.2d 457, 462 (D.N.J.2005) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997)).

discrimination on the basis of race. This allegation consists of precisely the legal conclusions and labels that <u>Twombly</u> has made clear are insufficient to allow a cause of action to proceed.

Even when the Court regards all factual allegations as true, as it is required to do on a motion for judgment on the pleadings, the Complaint is deficient. These facts alone fail to state a claim that Taverez suffered an adverse employment decision as a result of discrimination. Accordingly, the defendants' motion to dismiss the Complaint is granted without prejudice and Plaintiff is granted leave to amend.

## IV. CONCLUSION

For these reasons, the Defendants' motion to dismiss [Doc. Entry No. 17] is granted, and Plaintiff's motion to amend the Complaint [Doc. Entry No. 23] is granted in part and denied in part. An appropriate Order shall follow.

Dated: June 16, 2010.

<u>/s/Joseph H. Rodriguez</u>
HON. JOSEPH H. RODRIGUEZ,
United States District Judge